UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO.   8:18-cr-511-SDM-JSS
                                                                                  8:20-cv-156-SDM-JSS

RAMON ELIAS ZAMBRANO
ZAMBRANO
_____

**ORDER**

Ramon Elias Zambrano Zambrano moves under 28 U.S.C. § 2255 to vacate his conviction and sentence for possession with intent to distribute cocaine while aboard a vessel subject to the jurisdiction of the United States, for which he is imprisoned for 108 months. Zambrano claims he received ineffective assistance of counsel and challenges the district court's jurisdiction.

**I.  BACKGROUND**

Under a plea agreement Zambrano pleaded guilty to possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 18 U.S.C. § 2, 21 U.S.C. § 960(b)(1)(B)(ii), and 46 U.S.C. §§ 70503(a) and 70506(a). The district court adjudicated Zambrano guilty and sentenced him to 108 months. Zambrano filed no appeal.

Zambrano now moves to vacate his conviction and sentence and claims (1) that counsel was ineffective for failing to object to a defect in venue, (2) that the district court lacked jurisdiction over the vessel, and (3) that counsel was ineffective for failing to move for dismissal of the indictment based on a violation of the Speedy Trial Act.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

"[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). As *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains, *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the

defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Zambrano must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691–92. To meet this burden, Zambrano must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on

investigation." 466 U.S. at 690–91.  Zambrano cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992); *accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable . . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)); s*ee also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

### III.   GROUND ONE

Zambrano claims that counsel was ineffective for failing to object to a defect in venue.  (Civ. Doc. 1 at 4)  He argues that venue is proper only in the United States District Court for the Southern District of Florida because he first entered the United States in Miami, Florida.

"A person violating [46 U.S.C. §] 70503" may be tried in any district "if the offense was begun or committed upon the high seas[.]"  46 U.S.C. § 70504. Zambrano admitted that the United States Coast Guard interdicted his vessel in international waters, approximately 230 nautical miles west of Manta, Ecuador.

Crim. Doc. 24 at 19; s*ee United States v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003) ("The United States generally recognizes the territorial seas of foreign nations up to twelve nautical miles adjacent to recognized foreign coasts."). Because the vessel was interdicted in international waters, Zambrano could be tried in any district, including the United States District Court for the Middle District of Florida. Counsel is not ineffective for failing to raise a meritless objection. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (*citing Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).

## IV.   GROUND TWO

Zambrano claims that the district court lacked jurisdiction over the vessel because the vessel's master claimed Ecuadorian nationality and that the district court found no facts establishing jurisdiction. (Civ. Doc. 1 at 5)

Jurisdictional issues "are preliminary questions of law to be determined solely by the trial judge." 46 U.S.C. § 70504. "It is fundamental that parties may not stipulate to federal jurisdiction[;]" however, parties may "stipulate to facts that bear on [the court's] jurisdiction." *United States v. Iguaran*, 821 F.3d 1335, 1337 (11th Cir. 2016) (quotations omitted). "A court's task is to determine whether the stipulated facts give rise to jurisdiction." *Id*. (quotations omitted).

A "vessel subject to the jurisdiction of the United States" includes "a vessel without nationality." 46 U.S.C. § 70502(c)(1)(A). A "vessel without nationality" includes "a vessel aboard which the master or individual in charge fails, on request of

an officer of the United States authorized to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel[.]" *Id.* § 70502(d)(1)(B).

Zambrano's claim lacks merit because admitted facts establish the district court's jurisdiction over the vessel. Zambrano admitted both that the United States Coast Guard "found no indicia of nationality for the vessel" and that "the Ecuadorian master of the vessel refused to make a claim of nationality" for the vessel. (Crim. Doc. 24 at 20). As a result the Coast Guard treated the vessel as a vessel without nationality and subject to the jurisdiction of the United States. *Id.* at 20–21; *United States v. Obando*, 891 F.3d 929, 938 (11th Cir. 2018) (affirming jurisdiction because "[t]he crew members stipulated that the master of the [vessel] failed to produce documents evidencing the vessel's nationality or to make a verbal claim of nationality or registry").

### V.   GROUND THREE

Zambrano claims that counsel was ineffective for failing to move for dismissal of the indictment based on a violation of the Speedy Trial Act. (Civ. Doc. 1 at 6) He erroneously argues that he was indicted more than thirty days after his arrest.

Under the Speedy Trial Act "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). An "arrest" occurs when an individual is "formally charged with an offense." *United States v. Sayers*, 698 F.2d

1128, 1130–31 (11th Cir. 1983); *United States v. Kubiak,* 704 F.2d 1545, 1548 (11th Cir. 1983) (affirming denial of a motion to dismiss an indictment because the defendants "were not held to answer in federal court until they were indicted"); *United States v. Santana*, No. 1:22-cr-20220-KMM, 2022 WL 16845104, at *7 (S.D. Fla. Nov. 9, 2022) (finding "no Eleventh Circuit case holding that arrest may occur at a time other than the date of charging in the context of a Speedy Trial challenge to an MDLEA interdiction").

Zambrano was arrested for purposes of the Speedy Trial act on November 4, 2018. (Crim. Doc. 5)  The indictment was issued on October 30, 2018, before he was arrested. (Crim. Doc. 1)  There was no violation of the Speedy Trial Act, and counsel was not ineffective for failing to raise a meritless objection.

Zambrano's motion under Section 2255 to vacate, set aside, or correct his sentence is **DENIED**.  The clerk is directed to enter a judgment against Zambrano, close this case, and enter a copy of this order in the criminal case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Zambrano is not entitled to a certificate of appealability ("COA").  A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate.  28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a certificate of appealability, Zambrano must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues

she seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Zambrano is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Zambrano must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on November 17, 2022.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE